IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA LEE BRIDDLE,<br>    PLAINTIFF,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br>    DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:07-CV-609-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

A.   STATEMENT OF THE CASE

Plaintiff Brenda Lee Briddle filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act. Briddle applied for SSI and disability insurance benefits on July 18, 2005, alleging disability commencing October 1, 2003. (Tr. 33, 298). Briddle remained insured for purposes of disability insurance benefits through December 2008. (Tr. 52).

The Social Security Administration denied Briddle's applications for benefits both initially and on reconsideration. Briddle then requested a hearing before an administrative law judge (the "ALJ"), and ALJ William Helsper held a hearing on February 13, 2007, in Fort Worth, Texas. (Tr. 306). Briddle was represented by counsel. On March 27, 2007, the ALJ issued a decision that Briddle was not disabled because she retained the ability to perform sedentary work. (Tr. 13-20). The Appeals Council denied Briddle's request for review of her case, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 3).

B.   STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. An impairment or combination of impairments is not severe if it has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). At the third step, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the appendix to

the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley*, 197 F.3d at 198. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A denial of benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C.  ISSUES

   1.   Whether the ALJ fully and fairly developed the record; and

   2.   Whether the ALJ's decision at Step Five is supported by substantial evidence.

D.  ADMINISTRATIVE RECORD

Applying the five-step sequential evaluation process, the ALJ found that Briddle had not engaged in substantial gainful activity since her alleged onset date and that she had heart problems, which constituted a severe impairment, but did not reflect an impairment or combination of impairments that would meet or equal any impairment listed in Appendix 1 of the disability regulations. Instead, the ALJ found that Briddle had the residual functional capacity to perform sedentary work, including lifting and carrying a maximum of ten pounds, standing or walking for two hours in an eight-hour workday, and sitting for six hours in an eight-hour workday. (Tr. 15-16). *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) (defining exertional demands of sedentary work). The ALJ further found that Briddle was unable to perform her past relevant work as a certified nurse's aide because that job required medium to heavy exertion, but based on Briddle's age, education, and capacity for substantially all of the demands of sedentary work, the ALJ found that the Medical-Vocational Guidelines directed a finding that Briddle was not disabled.[1] (Tr. 18-19). *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 1, Rule 201.19. Accordingly, the ALJ concluded that Briddle was not entitled to SSI or disability insurance benefits. (Tr. 20).

---

[1]   The Medical-Vocational Guidelines are rules for evaluating a claimant's disability in light of functional and vocational factors. *See generally* 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(a).

E.   DISCUSSION

   1.   Development of Record

Briddle argues that the ALJ failed to fully and fairly develop the record because he did not consider the impact of chronic obstructive pulmonary disease (COPD) and obesity on her ability to work. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir.1996). But the court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that she was prejudiced by the failure. *See Brock*, 84 F.3d at 728; *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). To establish prejudice, a claimant must demonstrate that evidence would have been adduced that might have altered the result. *Kane*, 731 F.2d at 1220.

Briddle asserts that COPD is her primary diagnosis, yet the ALJ ignored this impairment. A review of the medical records reflects that Briddle's primary impairment consisted of heart problems with a history of cardiac bypass surgery in October 2003, and that is the only condition she reported when she applied for SSI and disability insurance benefits. (Tr. 36). Briddle relies on a one-page form that her physician completed in 2005 in support of Briddle's application for a state-related assistance program. (Tr. 112). The physician identified COPD as Briddle's primary disabling diagnosis and explained that the condition was not permanent, but was expected to last more than six months. (Tr. 112). Although the ALJ did not discuss a COPD diagnosis, the ALJ addressed the physician's statement and found it conclusory and entitled to no weight. (Tr. 18). Briddle has not demonstrated that the ALJ's assessment of the physician's statement was incorrect.

Opinions about a claimant's ability to work are not medical opinions entitled to special significance because they address the ultimate issue of a claimant's disability. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Moreover, during follow-up visits with her cardiologist in 2004 and 2005, Briddle reported an effort tolerance of at least two miles, and examination of her lungs revealed bilateral breath sounds without rales or rhonci. (Tr. 18, 225-27). A 2006 x-ray also showed no acute cardiopulmonary disease. (Tr. 18, 276). Briddle has not demonstrated that further consideration by the ALJ or further development of the record would have altered the outcome.

Briddle also complains that the ALJ failed to address the work-related impact of her obesity. The Social Security rulings recognize that obesity, although not a listed impairment, can reduce an individual's occupational base for work activity in combination with other ailments. See SOCIAL SECURITY RULING 02-1p; SOCIAL SECURITY RULING 96-8p. A claimant's obesity must be considered at all steps of the sequential evaluation process. SECURITY RULING 02-1p.

Social Security Rulings are published under authority of the Commissioner and are binding on the Administration. *Hall v. Schweiker*, 660 F.2d 116, 119 n. 4 (5th Cir. [Unit A] 1981) (per curiam). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Hall*, 660 F.2d at 119, *cited in Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir.2000). If the agency violates its internal rules and prejudice results, the proceedings are tainted and any action taken cannot stand. *Hall*, 660 F.2d at 119.

Here, the ALJ acknowledged that Briddle weighed as much as 236 pounds during the relevant time period and that she had not heeded her physician's advice to lose weight. (Tr. 18). The ALJ assessed a RFC for the least demanding exertional range of work, and there is no indication

that Briddle's weight imposed additional limitations or rendered her disabled when considered in combination with her other impairments.  Briddle did not allege obesity as a basis for disability, and counsel, when given the opportunity at the hearing, did not question the vocational expert about any functional restrictions allegedly caused by obesity.

Briddle has not demonstrated that the ALJ failed to fully and fairly develop the record, or that she suffered actual prejudice because the ALJ did not give further consideration to the effects of COPD or obesity on her ability to work.

    2.    Vocational Evidence

Briddle contends that the Commissioner did not satisfy his burden at Step Five of the sequential evaluation process because the ALJ failed to identify specific jobs that she could perform within her given residual functional capacity.  The ALJ did not elicit testimony from a vocational expert about suitable work, but relied on the Medical-Vocational Guidelines to establish the existence of other work available in significant numbers that Briddle could perform.

When only exertional impairments are present, the Guidelines direct a finding of disability or non-disability based on the claimant's age, education, residual functional capacity, and work background. *See generally* 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(a).  If the findings of fact on each of these factors coincide with all of the criteria of a particular rule, the  Guidelines will be directly applied and the rule will direct a conclusion that the claimant is disabled or not disabled; otherwise, the Guidelines are used merely as a framework for further evaluation of the claimant's disability.  *Id.  See also Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir. 1983); 20 C.F.R. §§ 404.1569a(d), 416.969a(d).

The ALJ found that Briddle was a younger individual with a limited education, no transferable skills, and the ability to perform substantially all of the demands of sedentary work. (Tr. 19). The ALJ also found it was appropriate to directly apply the Guidelines because Briddle's vocational profile coincided with Rule 201.19 in the Guidelines, which directed a finding of "not disabled." *See* 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 1, Rule 201.19.

Briddle asserts that the ALJ erred in applying the Guidelines because she suffers from chest pain, knee and ankle pain, fatigue, depression, and impaired concentration. The ALJ specified in his decision that he had considered Briddle's complaints of pain in reaching his decision. (Tr. 18). *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.1987)(finding that mere existence of pain does not prohibit reliance on Guidelines if ALJ finds that pain will not significantly compromise claimant's capacity for full range of work). He also noted that Briddle's reported daily activities were not as limited as would be expected of a person with the symptoms and limitations that Briddle described, and he ultimately found her subjective complaints were not entirely credible.[2] (Tr. 18). The ALJ found that restricting Briddle to sedentary work adequately accommodated the limitations imposed by her impairments, and he imposed no further work-related limitations that would preclude direct application of the Guidelines. *See Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir.1999)(noting that direct application of Guidelines is appropriate when claimant suffers from only exertional impairments or when nonexertional impairments do not significantly affect residual functional capacity). The ALJ's use of the Guidelines was proper and constitutes substantial evidence to

---

[2] In particular, he noted that Briddle was able to clean her house, do laundry, drive, watch television, read, use the telephone, care for herself, and participate in recreational activities. (Tr. 18). At the hearing, the ALJ also questioned Briddle about her reports of depression and concentration deficits and learned that Briddle had not seen a psychiatrist and was not taking any medication for her symptoms. (Tr. 319).

support his decision that Briddle was not disabled and was not eligible for SSI or disability insurance benefits.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until March 30, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until March 30, 2009 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED MARCH 9, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE